IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

INMER E. CAMPOS-CARRANZA,

        Plaintiff,

v.                                 Case No. 4:12cv94

GMAC MORTGAGE, et al.

        Defendants.

<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

    Federal Home Loan Mortgage Corporation ("Freddie Mac"), by counsel, submits this memorandum in support of its Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.    INTRODUCTION**

    The Plaintiff, Inmer E. Campos-Carranza, filed the instant Complaint against five defendants alleging causes of action stemming from a mortgage transaction and subsequent foreclosure under a security agreement. Named defendants in the lawsuit include GMAC Mortgage, LLC[1] ("GMAC"), the loan servicer; Freddie Mac, the alleged purchaser of the mortgage note prior to the foreclosure sale; the Law Offices of Shapiro Brown & Alt, LLP ("Shapiro Brown & Alt"), a law firm; Professional Foreclosure Corporation of Virginia ("PFC"), the substitute trustee; and Helmand Investments, LLC ("Helmand"), the purchaser of the home at the foreclosure sale.

    Counts I – III of the Complaint allege that Shapiro Brown & Alt violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. Counts IV and V of the Complaint allege that Freddie Mac and GMAC breached a contract with the Plaintiff. Count VI alleges that Shapiro

---

[1] GMAC Mortgage, LLC has filed a Notice of Bankruptcy in this matter which stays all proceedings against it.

Brown & Alt and PFC breached a fiduciary duty owed to the Plaintiff. Lastly, Count VII asks the Court to make a declaratory ruling that the foreclosure sale was void.

The Complaint fails to state a cause of action for breach of contract or breach of a duty of good faith and fair dealing against Freddie Mac; accordingly, the Complaint against Freddie Mac should be dismissed with prejudice.

## II. ALLEGED FACTS

The Plaintiff refinanced a home loan on May 9, 2007 and executed a Note and Deed of Trust in connection with the refinancing. (Compl. ¶¶ 11 12, Exs. 1, 2.) Reliance Lending, Inc. was the originating lender. (Compl. ¶ 13, Exs. 1, 2.) Freddie Mac purchased the loan after origination and did not provide documentation of such sale to the Plaintiff. (Compl. ¶ 14.)

After Freddie Mac purchased the loan, GMAC began servicing the loan, which included collecting payments from the Plaintiff, communicating with the Plaintiff regarding loss mitigation alternatives, and responding to any default by Plaintiff. (Compl. ¶ 15.) The servicing responsibilities were governed by Freddie Mac's Single Family Seller/Servicer Guide (the "Guide"). *Id.* The Guide gave GMAC authority to commence foreclosure on Plaintiff's home if the Plaintiff defaulted. (Compl. ¶ 17.)

The Home Affordable Modification Program ("HAMP") was established by Congress and is funded by the federal government to incentivize participating servicers to modify eligible loans. (Compl. ¶¶ 19-23.) On April 13, 2009, GMAC executed a Servicer Participation Agreement ("SPA") with the federal government as a participating servicer under HAMP. (Compl. ¶¶ 24-25.) The SPA incorporates all "guidelines," "procedures," and "supplemental documentation, instructions, bulletins, frequently asked questions, letters, directives, or other

communications" issued by the treasury, Fannie Mae or Freddie Mac in connection with the duties of participating servicers.[2] (Compl. ¶ 26.)

The Plaintiff failed to make all of his contractually obligated mortgage payments and was experiencing financial difficulties. (Compl. ¶¶ 27-29.) The Plaintiff made efforts to enter into repayment plans to cure any arrearage, but his requests were denied by GMAC. (Compl. ¶ 30.)

The Plaintiff was delinquent on his mortgage in September 2011. (Compl. ¶ 31.) On or about October 12, 2011, GMAC sent Plaintiff a notice of default. (Compl. ¶ 32, Ex. 3.) The Plaintiff paid GMAC $1,621.82 on or about October 12, 2011. (Compl. ¶ 37.) In November 2011, GMAC refused to accept any payments from the Plaintiff and told the Plaintiff that he would need to pay approximately $3,000 to cure the default. (Compl. ¶ 38.)

Plaintiff contacted GMAC in January 2012 regarding loss mitigation alternatives, including HAMP. (Compl. ¶ 39.) On January 30, 2012, Plaintiff submitted to GMAC a complete application for a loan modification under HAMP. (Compl. ¶ 40.) As part of the application, the Plaintiff signed an "Acknowledgement and Agreement."[3] (Compl. ¶¶ 41-43.)

On or about February 27, 2012, Shapiro Brown & Alt sent Plaintiff a foreclosure notice with a sale date of March 20, 2012. (Compl. ¶ 45.) Following the foreclosure sale on March 20, 2012, Plaintiff received a letter from GMAC dated March 14, 2012, denying his loan modification because GMAC "service[s] [his] loan on behalf of an investor or group of investors that has not given [GMAC] authority to modify [his] loan." (Compl. ¶ 47.)

The Deed of Trust was foreclosed on March 20, 2012. (Compl. ¶ 49.)

---

[2] The SPA referenced in the Complaint was not attached as an exhibit.
[3] Neither the "Acknowledgement and Agreement" nor a copy of the "complete" application is attached to the Complaint.

3

### III. STANDARD OF LAW

A defendant may move the court to dismiss a cause of action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under the motion to dismiss standard, factual allegations must be accepted as true. *See Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Trulock v. Freeh,* 275 F.3d 391, 405 (4th Cir. 2001).

The United States Supreme Court advised that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).

The United States Supreme Court expanded on *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct 1937, 173 L. Ed. 2d 868 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." (citation omitted.) A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* [*Twombly*], at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* [*Twombly*], at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* [*Twombly*], at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing

> more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* [*Twombly*], at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. 1937, 1950 (U.S. 2009). Thus, to survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), the Complaint must contain more than labels and conclusions and must be plausible on its face.

## IV. ARGUMENT

### A. The Plaintiff has not satisfied the prerequisite contained in the Deed of Trust prior to filing this lawsuit; accordingly, this suit should be dismissed.

The Plaintiff executed the Deed of Trust on May 9, 2007. Paragraph 20 of the Deed of Trust states that:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

(Compl., Ex. 2, ¶ 20.)

Freddie Mac is the successor or assignee of the originating lender. (Compl. ¶¶ 14-15.) Each of the causes of action alleged against Freddie Mac relates directly to the Deed of Trust. The Plaintiff does not allege that he has complied with paragraph 20 of the Deed of Trust and has thus not complied with the condition precedent to initiating judicial action against Freddie Mac.

The Fourth Circuit Court of Appeals affirmed the dismissal of a complaint on a motion to dismiss relying on the same language in a deed of trust that is at issue here. Referring to the language found in paragraph 20 of the deed of trust at issue, which is identical to the language

5

contained in paragraph 20 of the instant Deed of Trust, the district court in *Niyaz v. Bank of America* said that:

> Here, all of Plaintiff's allegations arise from actions taken pursuant to the Deed of Trust. Therefore, because Plaintiff did not provide notice in accordance with the Deed of Trust, this Court will dismiss the Complaint.

*Niyaz v. Bank of Am.*, 2011 U.S. Dist. LEXIS 156, 4-6 (E.D. Va. Jan. 3, 2011), *aff'd Niyaz v. Bank of Am.*, 442 Fed. Appx. 838 (4th Cir. Va. 2011); *Johnson v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 131112 (E.D. Va. Dec. 10, 2010) (dismissing a complaint because the plaintiff did not provide notice in accordance with the deed of trust prior to initiating litigation).

Since both contract related counts and the declaratory count each derives from the Deed of Trust, the Court should dismiss the Complaint against Freddie Mac because the Plaintiff failed to provide the required notice prior to filing this lawsuit.

### B. Counts IV and V fail to state claims against Freddie Mac and should be dismissed.

Counts IV and V both sound in contract. Count IV specifically alleges that Freddie Mac and GMAC breached the Note and Deed of Trust with the Plaintiff. Count V is titled "Breach of Covenant of Good Faith and Fair Dealing" based on an "implied" covenant embodied in the Note and Deed of Trust. Setting aside the legal conclusions and unsupported allegations, neither count states a claim against Freddie Mac.

#### i. Count IV does not state a claim for breach of contract by Freddie Mac.

This count is not supported by credible facts. The Plaintiff alleges that:

> 87. Freddie Mac and GMAC breached the Note and Deed of Trust because they did not satisfy the preconditions to foreclosure by providing a notice of

6

>default informing Plaintiff of the proper amount that needed to be paid to cure the default.
>
>88. Instead, Freddie Mac and GMAC improperly required Plaintiff to pay costs and expenses in order to avoid preacceleration of his Note.
>
>89. Despite the improper calculations, Plaintiff was willing and able to pay the amount provided in the October 12, 2011 correspondence.
>
>90. Nevertheless, GMAC refused to accept Plaintiff's payments in the beginning of November 2011. Instead, GMAC refused to accept payment unless Plaintiff tendered approximately $3,000.
>
>91. Freddie Mac and GMAC were not entitled to collect $3,000 pursuant to the Deed of Trust and/or the October 12, 2011 correspondence.
>
>92. GMAC's refusal to accept payment breached the Deed of Trust.

(Compl. ¶¶ 87-92.)[4] These bare allegations are insufficient to survive scrutiny under *Twombly* and *Iqbal*. The Plaintiff alleges deficiencies in the preacceleration notice without stating what those deficiencies are or why the amounts sought to be collected are incorrect. Tellingly, the Plaintiff does not deny owing money. The Plaintiff states that he does not owe the amount sought without stating why, which is indicative of the dearth of factual support for this claim.

The Note makes clear that the Plaintiff will incur a late charge if he does not pay in a timely manner the full amount of any monthly payment. *See* Compl., Ex. 2 ¶ 6(A). The Deed of Trust makes clear that "[l]ender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." (Compl., Ex. 1, ¶ 1.) Accordingly, GMAC, as servicer, was within its rights to refuse any payment that did not constitute the full amount of money owed. Thus, the Plaintiff's assertion that the refusal to accept payment

---

[4] A copy of the October 12, 2011 correspondence is attached hereto as <u>Exhibit A</u>. Documents referenced in a complaint but not attached thereto may be relied upon at the Rule 12(b)(6) stage. "Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)" *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. Va. 2004).

7

breached the Deed of Trust is an incorrect legal conclusion. Moreover, the Plaintiff merely alleges that he was willing and able to pay the amount demanded in the October 12, 2011 letter; he does not allege that he in fact tendered that amount to either GMAC or Freddie Mac.

The Plaintiff's own allegations are refuted by the very letter he complains of. The amount demanded in that correspondence was the amount due as of the date the letter was generated. The letter dated October 12, 2011 demanded $2,210.76. GMAC and Freddie Mac did not demand $3,000 as the Plaintiff alleged.

Count IV of the Complaint fails to allege facts to support a claim that Freddie Mac breached either the Note or the Deed of Trust with the Plaintiff and must be dismissed.

### ii. Count V fails to state a cause of action for a breach of an implied covenant of any kind.

Freddie Mac did not breach any implied covenant to the Plaintiff. The Complaint alleges that:

> 102. Freddie Mac and GMAC failed to treat Plaintiff with good faith and fair dealing by, among other things, improperly demanding payment for fees and other charges in its notice of default dated October 12, 2011, refusing to accept Plaintiff's payment in November 2011 unless he paid such charges in addition to the other unaccounted for expenses, inviting and encouraging him to participate in HAMP and then denying him on an illegitimate basis, by failing to postpone the foreclosure sale while Plaintiff was being evaluated for HAMP, and by referring his home to foreclosure without satisfying the conditions precedent to foreclosure.

(Compl. ¶ 102.)

Judge Raymond A. Jackson, United States District Court Judge for the Eastern District of Virginia, Norfolk Division, has opined on several occasions on this very issue. Implied covenants are inapplicable to contractual relationships and alleged violations of HAMP do not support claims for a breach of an implied covenant of good faith and fair dealing.

> Virginia courts have recognized an implied covenant of good faith and fair dealing in certain contracts. *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 U.S. Dist. LEXIS 13653, 2012 WL 383590 (E.D. Va. Jan. 13, 2012) report and recommendation adopted, *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 U.S. Dist. LEXIS 13602, 2012 WL 368282 (E.D. Va. Feb. 3, 2012). However, **where parties to a contract create valid and binding rights, the implied covenant of good faith and fair dealing is inapplicable to those rights.** *Id*.
>
> An implied duty under a contract is simply a manifestation of conditions inherent in expressed promises. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 182 (4th Cir. 2000). **The implied covenant of good faith and fair dealing does not compel a party to take affirmative actions that the party is not obligated to take under the terms of the contract.** *Id*. Instead, the duty simply bars a party from "acting in such a manner as to prevent the other party from performing his obligations under the contract." *Id*. at 183.
>
> **The covenant of good faith and fair dealing "cannot be construed to establish new and independent rights or duties not agreed upon by the parties."** *Knudsen v. Countrywide Home Loans, Inc.*, No. 2:11-CV-429, 2011 U.S. Dist. LEXIS 81797, 2011 WL 3236000, at *3 (D. Utah July 26, 2011). The implied covenant cannot "rewrite[e] an unambiguous contract in order to create terms that do not otherwise exist." *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 U.S. Dist. LEXIS 13653, 2012 WL 383590 (E.D. Va. Jan. 13, 2012) report and recommendation adopted, *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 U.S. Dist. LEXIS 13602, 2012 WL 368282 (E.D. Va. Feb. 3, 2012).

*De Vera v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 87840, 7-8 (E.D. Va. June 25, 2012) (emphasis added); *see Correll v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 12960 (E.D. Va. Feb. 2, 2012) (dismissing plaintiff's claim for breach of the covenant of good faith and fair dealing because the plaintiff was effectively stating a claim for a HAMP violation); *Everette v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 58766 (E.D. Va. Apr. 26, 2012) (same).

Here, the Deed of Trust does not impose any duty on a lender or servicer that is not embodied in the Deed of Trust itself. The Plaintiff agreed to pay a late fee if his payment was not received timely. The lender, and by extension the servicer, maintained the right to refuse to accept a delinquent payment that was less than the full amount owed. The lender never agreed in

9

the Deed of Trust to grant automatically a loan modification request by the Plaintiff. The lender never agreed in the Deed of Trust that it would postpone any foreclosure, or other right under the Deed of Trust, while the Plaintiff applied for a modification.[5]

### a. There is no private cause of action for alleged HAMP violations.

The Plaintiff's reliance on HAMP guidelines and requirements is misplaced because there is no private cause of action for borrowers against servicers or lenders for HAMP violations. *See Pennington v. PNC*, No. 2:10-cv-361, 2010 U.S. Dist. LEXIS 143157, at *11 (E.D. Va. Aug. 11, 2010); *Fowler v. Aurora Home Loans*, No. 2:10cv623, 2011 U.S. Dist. LEXIS 73344, [slip op.] at 3-4, (E.D. Va. Mar. 31, 2011); *Bourdelais v. J.P. Morgan Chase*, Civ. No. 3:10CV670-HEH, 2011 U.S. Dist. LEXIS 35507, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011); *Jones v. Bank of Am., N.A.*, No. 2:11-cv-443, 2012 U.S. Dist. LEXIS 15203 (E.D. Va. Feb. 7, 2012) (Jackson, J.).

"Given that courts in this jurisdiction have consistently held that there is no private right of action under HAMP, the Court will not permit Plaintiffs to bring a HAMP claim under the guise of a breach of contract claim." *Jones*, 2012 U.S. Dist. LEXIS 15203, *13 (E.D. Va. Feb. 7, 2012); *see Parks v. BAC Home Loan Servicing, LP*, 825 F. Supp. 2d 713, 715 (E.D. Va. 2011) (borrowers are not considered third-party beneficiaries, but are merely incidental beneficiaries to the HAMP agreement between a lender/servicer and the Treasury Department); *Edwards v. Aurora Loan Services, LLC*, 791 F. Supp. 2d 144 (D.D.C. 2011) ("Fannie Mae and servicers of homeowners' mortgage loans did not intend to make homeowners third-party beneficiaries of servicers' service participation agreement."); *Zoher v. Chase Home Fin.*, No. 10-14135-CIV,

---

[5] Any argument advanced by the Plaintiff that there was an agreement to forebear a foreclosure sale or an agreement to modify the loan in any way is barred because it does not satisfy the statute of frauds. *See Lindsay v. McEnearney Assocs., Inc.,* 260 Va. 48, 531 S.E.2d 573, 575-76 (2000) (any modification to a contract required to be in writing by the statute of frauds must also be in writing).

2010 U.S. Dist. LEXIS 109936, 2010 WL 4064798, at *4 (S.D. Fla. Oct. 15, 2010) ("Borrowers may not attempt to enforce HAMP compliance as third-party beneficiaries of a contract.").

Therefore, an alleged violation of HAMP cannot form the basis of a breach of contract claim and Count IV should be dismissed with prejudice.

      b.  **Whether GMAC or Freddie Mac breached any rules or regulations relating to HAMP is irrelevant because HAMP does not apply and is not incorporated into the Deed of Trust.**

Whether GMAC or Freddie violated any agreement with the Department of the Treasury with respect to HAMP or any other similar program is irrelevant. The Deed of Trust does not incorporate HAMP or any rules or regulations relating to HAMP, therefore, any alleged breach of rules or regulations relating to HAMP cannot form the basis of a breach of contract action.

The Plaintiff incorrectly contends that the Deed of Trust incorporates HAMP as being an "applicable" law that the lender must comply with. The Deed of Trust was executed on May 9, 2007. HAMP was not enacted until 2009. *Bourdelais*, 2011 U.S. Dist. LEXIS 35507, *3 (E.D. Va. Apr. 1, 2011) (In response to a growing number of home foreclosures in the United States, the U.S. Department of the Treasury ("the Treasury") in February 2009 created the Home Affordable Modification Program ("HAMP")).

A basic tenet of contract construction is that an unambiguous contract is construed according to its plain meaning. "The contract is construed as written, without adding terms that were not included by the parties. When the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning." *PMA Capital Ins. Co. v. US Airways, Inc.*, 271 Va. 352, 358, 626 S.E. 2d 369, 372 (2006) (internal citations omitted). There is nothing in the Deed of Trust or Note that indicates that any party thereto intended to be bound by <u>future</u> acts of legislation.

In a recent case decided in the Richmond Division of the Eastern District of Virginia, Judge Henry Hudson wrote on this very issue:

> General precepts of contract law direct that, absent clear language to the contrary, courts should not interpret contracts to incorporate future changes to the law. *Cf. Energy Reserves Grp., Inc. v. Kan. Power & Light Co.*, 459 U.S. 400, 405, 103 S. Ct. 697, 74 L. Ed. 2d 569 (1983) (finding contract to incorporate future laws only where it explicitly stated that it extended to "relevant present and future state and federal laws"). Rather, contracts are generally understood to incorporate only those laws which exist at the time of formation. *See Gazale v. Gazale*, 219 Va. 775, 777, 250 S.E.2d 365 (1979) ("New statutes are usually presumed to operate prospectively only, ... and contractual rights and duties are controlled by the law in effect at the time the contract was executed."); *11 Williston on Contracts* § 30:23 (4th ed. 2012) ("[A]s a rule of construction, changes in the law subsequent to the execution of a contract are not deemed to become part of agreement unless its language clearly indicates such to have been the intention of the parties."); *see, e.g., Rutherford Farmers Coop. v. MTD Consumer Group, Inc.*, 124 Fed. App'x 918, 920 (6th Cir. 2005) ("Because [the provision at issue] does not refer to future laws, that clause, taken in its plain, ordinary, and popular sense, incorporates only laws existing at the time of contract formation.") (internal quotation marks and citation omitted) . . . **Because the plain meaning of the "controlling applicable" law provision of the Deed of Trust does not reveal an intent by the parties to be bound by future laws, this Court will not infer one. The Court therefore concludes that, whatever the scope of the provision as to laws in existence at the time of the contract's execution, the Deed of Trust does not incorporate laws enacted or issued thereafter, and [the plaintiff] therefore cannot rely on [lender's] purported violation of Supplemental Directive 09-01 [HAMP] as grounds for breach of contract.**

*Condel v. Bank of Am., N.A.*, No. 3:12-cv-212-HEH; 2012 U.S. Dist. LEXIS 93206, 24-25 (E.D. Va. July 5, 2012) (emphasis added).

Here, paragraph (J) of the Definitions found in the Deed of Trust defines "applicable law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." (Compl. Ex. 2, p.2 ¶ (J).) "Applicable law" in the Deed of Trust does not specifically incorporate future enactments of legislation or regulations of any kind. Therefore, the Deed of Trust does not incorporate HAMP; and HAMP cannot form the

12

foundation for a breach of contract claim against Freddie Mac. Count V should be dismissed against Freddie Mac with prejudice for failing to state a claim upon which relief can be granted.

### C. Count VI fails to state a claim for declaratory relief and must be dismissed.

The Complaint incorrectly asserts that the count for declaratory relief is subject to Virginia, as opposed to federal, law and procedure. Rule 57 of the Federal Rules of Civil Procedure clearly states that the federal rules govern declaratory actions in federal court. FED. R. CIV. P. 57; *Tapia v. United States Bank, N.A.*, 718 F. Supp. 2d 689, 695 (E.D. Va. 2010), *aff'd* 441 Fed. Appx. 166 (4th Cir. Va. 2011).

"Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), 'any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.' n16 28 U.S.C. § 2201(a). '[D]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation,' and are untimely if the questionable conduct has already occurred or damages have already accrued." *Tapia,* 718 F. Supp. 2d at 695.[6]

Here, the foreclosure sale took place on March 20, 2012. This action was filed on June 14, 2012. Accordingly, a declaratory judgment to adjudicate rights with respect to the foreclosure sale is untimely. *Pazmino v. Lasalle Bank, N.A.*, 2010 U.S. Dist. LEXIS 50306 (E.D. Va. May 20, 2010) (dismissing a declaratory action based on a foreclosure sale that had already occurred); *Schafer v. Citibank, N.A.*, 2010 U.S. Dist. LEXIS 143833 (E.D. Va. Aug. 3, 2010) (same); *Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 648 (E.D. Va. 2010), aff'd 442 Fed. Appx. 816,

---

[6] Even if Virginia law applied, declaratory judgment under Va. Code §§ 8.01-184 et seq. would not be appropriate. "[D]eclaratory relief is unavailable under section 8.01-184 of Virginia Code where the "claims and rights asserted have fully matured, and the alleged wrongs have already been suffered." *Bd. of Supervisors v. Hylton Enters.*, 216 Va. 582, 221 S.E.2d 534, 537 (Va. 1976)" *Tapia v. United States Bank, N.A.*, 718 F. Supp. 2d 689, 696 (E.D. Va. 2010), *aff'd* 441 Fed. Appx. 166 (4th Cir. Va. 2011).

2011 U.S. App. LEXIS 16749 (4th Cir. Va. 2011) (dismissing a declaratory judgment action related to a foreclosure sale being inconsistent with Virginia's status as a non-judicial foreclosure state).

Since the foreclosure sale has already taken place, Count VI of the Complaint seeking declaratory relief should be dismissed with prejudice.

WHEREFORE, Federal Home Loan Mortgage Corporation asks this Court to dismiss the Complaint with prejudice and award it such relief as the Court deems appropriate.

                FEDERAL HOME LOAN MORTGAGE CORPORATION

                By Counsel,

   /s/ Robert R. Musick    
Robert R. Musick, VSB No. 48601
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
804.649.7545
804.780.1813 Fax
bmusick@t-mlaw.com

CERTIFICATE OF SERVICE

I certify that on this 16th day of July, 2012, I filed the foregoing Memorandum in Support of the Motion to Dismiss using the Court's CM/ECF system, which will serve a copy on all parties entitled to receipt thereof.

I further certify that a true and accurate copy of the foregoing was mailed, postage prepaid on this 16th day of July, 2012, to the following:

> Helmand Investment, LLC
> c/o Registered Agent, Sharif Shafik
> 511 N. Lombardy Street
> Arlington, Virginia 22203

\_\_\_/s/ Robert R. Musick_____
Robert R. Musick, VSB No. 48601
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
804.649.7545
804.780.1813 Fax
bmusick@t-mlaw.com